UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JESUS ORTIZ,

        Petitioner,

        v.         CAUSE NO.: 3:18-CV-464-PPS-MGG

WARDEN,

        Respondent.

OPINION AND ORDER

Jesus Ortiz, a prisoner without a lawyer, filed a habeas corpus petition attempting to challenge his conviction and 60 year sentence on two counts of child molesting by the St. Joseph Superior Court on June 6, 2006, under cause number 71D03-0410-FA-102. ECF 1 at 1. However, habeas corpus petitions are subject to a strict one-year statute of limitations.[1]

---

[1] 28 U.S.C. § 2244(d) provides:
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Question 16 on the habeas corpus petition sets forth the text of the statute and asks for an explanation for why the petition is timely. In response, Ortiz wrote:

> This petition is in accordance with the rules and procedures as set forth above. Due to the general improprieties that occurred in the state proceedings which created a fundamental unfairness and violated Petitioner's Constitutional rights to Due Process, Petitioner has been denied of the right to a fair trial and jailed arbitrarily. The violations contained within, rise to the level of fundamental defects, which inherently, resulted in a complete miscarriage of justice and are inconsistent with the rudimentary demands of fair procedure.

ECF 1 at 5.

Nothing in that answer or any other part of the petition indicates State action impeded Ortiz from filing a habeas corpus petition sooner or that his claims are based on a newly recognized constitutional right or newly discovered evidence. Therefore 28 U.S.C. § 2244(d)(1)(B), (C), and (D) are not applicable here. Rather, he argues his conviction was a "fundamental . . . miscarriage of justice." ECF 1 at 5. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quotation marks and citation omitted). A petitioner who asserts actual innocence "must demonstrate innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To support a claim of

actual innocence the petitioner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," *id.*, and must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (quotation marks and citation omitted). Because of the difficulty of meeting this standard, such claims are "rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Though Ortiz asserts the miscarriage of justice exception, he does not have any new evidence. The only evidence which might possibly be considered exculpatory are the victim's medical records, but they were included with his direct appeal in 2007. "Ortiz argues that the State failed to provide him with A.O.'s medical records from the St. Joe Medical Center. Ortiz includes these medical records in his Appellant's Brief and in his Appendix." *Ortiz v. State*, 872 N.E.2d 699, *2 (table) (Ind. Ct. App. 2007).

Moreover, even if these medical records were new, they do not prove Ortiz is innocent and that no reasonable juror could have found him guilty if they had seen these medical records. As the Court of Appeals of Indiana explained, "The [medical] examination took place two years after the molestation ended. The investigating detective testified that, where a child delays in disclosing a molestation, a "very low" percentage of those cases result in physical findings in the medical examination." *Ortiz v. State*, 95 N.E.3d 217, *7 (table) (Ind. Ct. App. 2017). The jury already knew there was no physical medical proof presented at trial showing that Ortiz molested the child victim. Therefore, there is no reason to believe that a medical report based on an

actual innocence the petitioner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," *id.*, and must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (quotation marks and citation omitted). Because of the difficulty of meeting this standard, such claims are "rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Though Ortiz asserts the miscarriage of justice exception, he does not have any new evidence. The only evidence which might possibly be considered exculpatory are the victim's medical records, but they were included with his direct appeal in 2007. "Ortiz argues that the State failed to provide him with A.O.'s medical records from the St. Joe Medical Center. Ortiz includes these medical records in his Appellant's Brief and in his Appendix." *Ortiz v. State*, 872 N.E.2d 699, *2 (table) (Ind. Ct. App. 2007).

Moreover, even if these medical records were new, they do not prove Ortiz is innocent and that no reasonable juror could have found him guilty if they had seen these medical records. As the Court of Appeals of Indiana explained, "The [medical] examination took place two years after the molestation ended. The investigating detective testified that, where a child delays in disclosing a molestation, a "very low" percentage of those cases result in physical findings in the medical examination." *Ortiz v. State*, 95 N.E.3d 217, *7 (table) (Ind. Ct. App. 2017). The jury already knew there was no physical medical proof presented at trial showing that Ortiz molested the child victim. Therefore, there is no reason to believe that a medical report based on an

examination two years after the molestation would have caused the jury to disbelieve the victim who "testified that, when she was eleven or twelve years old, Ortiz pulled [her] pants down and put his penis in her vagina [and o]n another occasion, Ortiz also placed his mouth on [her] vagina." *Ortiz*, 872 N.E.2d *3. Thus, the limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when the conviction became final upon the expiration of the time to pursue direct review.

Ortiz took a direct appeal to the Court of Appeals of Indiana where his conviction was affirmed on August 20, 2007. He did not petition for transfer[2] to the Indiana Supreme Court and the time for doing so expired on September 19, 2007. *See* Ind. R. App. P. 57(C) (thirty days to petition for transfer) and *Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012) (when a state prisoner does not complete all levels of direct review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires).

Thus his limitation period began to run on September 20, 2007, and expired one year later on September 19, 2008. Ortiz did not sign his habeas corpus petition until nearly a decade later on June 13, 2018. Though he filed a post-conviction relief petition on September 5, 2015, by then, the 1-year period of limitation had already expired. Once expired, later filings did not restart the federal clock, or "open a new window for

---

[2] In his petition, Ortiz says he sought, but was denied, transfer to the Indiana Supreme Court. He says the date he was denied transfer is "N/A." ECF 1 at 1. However, the appellate docket sheet for his direct appeal does not show that he ever filed a petition to transfer. *See Ortiz v. State*, 71A03-0607-CR-00314 (Ind. Ct. App. filed July 6, 2006), available online at https://publicaccess.courts.in.gov/docket/Search/Detail?casenumber=h76PSlvFPUaYZ3olPB1rMdF5pmsq3wUN8iHtpWVAN4ymOL6UK3webKISyEKD7B4o0.

4

federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 942 (7th Cir. 2009).

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Ortiz to proceed further. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DENIES habeas corpus pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely;

(2) DENIES Jesus Ortiz a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES Jesus Ortiz leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and

(4) DIRECTS the Clerk is to close this case.

SO ORDERED on July 17, 2018

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT